UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

APRIL LYNN HUTCHINSON,
A/K/A APRIL LYNN HUTCHISON,
# 801729,

       Petitioner,

v.                                            Case Number: 1:17-CV-10581
                                            Honorable Thomas L. Ludington

ANTHONY STEWART,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

In 2014, Michigan state prisoner April Lynn Hutchinson was convicted for operating and maintaining a methamphetamine laboratory, Mich. Comp. Laws § 333.7401c(2)(f), and for first degree retail fraud, Mich. Comp. Laws §750.356c. She has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that she is being held in violation of her constitutional rights. She seeks habeas relief claiming that her sentencing guidelines were scored incorrectly and defense counsel was ineffective for failing to challenge the scoring. Respondent has filed an answer in opposition.

## I.

Petitioner was charged in Kalamazoo County Circuit Court with operating and maintaining a methamphetamine laboratory, stealing over $1,000 of merchandise from a Meijer store, and resisting and obstructing a police officer. On June 6, 2014, Petitioner pleaded guilty to these offenses, pursuant to a plea agreement providing for the dismissal of another charge and the prosecutor's recommendation for sentencing at the low end of the guidelines.

Petitioner was sentenced on December 15, 2014, to 6-1/2 to 30 years for maintaining a methamphetamine laboratory, 2 to 7-1/2 years for first-degree retail fraud, and to time served for resisting and obstructing a police officer. A few months later, Petitioner filed a motion for resentencing. She argued that several Prior Record Variables (PRV) and Offense Variables (OV) were incorrectly scored and that her attorney was ineffective for failing to challenge the scoring. The trial court found no scoring errors and, consequently, held counsel was not ineffective for failing to object. *See* 5/19/15 Tr. at 4-7, ECF No. 8-4, Page.ID.125.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising the same claims raised in her motion for resentencing. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Hutchison*, No. 327790 (Mich. Ct. App. Aug. 3, 2015). The Michigan Supreme Court also denied leave to appeal. *People v. Hutchison*, 499 Mich. 882 (Mich. 2016).

Petitioner then filed her present habeas petition. She claims that she "is entitled to resentencing where the sentencing guidelines were misscored and where defense counsel was ineffective for failing to challenge the scoring."

**II.**

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of

correctness only with clear and convincing evidence. *Id.* Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.

Petitioner argues that she is entitled to resentencing because the sentencing guidelines were scored incorrectly and her attorney was ineffective for failing to object to the scoring.

A claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. *See Cotton v. Mackie,* No. 17-1059, 2017 WL 3686510, *2 (6th Cir. May 23, 2017)(citing *Howard v. White,* 76 Fed. App'x 52, 53 (6th Cir. 2003)). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Therefore, Petitioner's claim that the trial court erred in scoring PRVs 4 and 5 and OV 19 under the state sentencing guidelines is not cognizable on federal habeas review. *See Howard,* 76 Fed. App'x at 53 ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only.").

Petitioner also claims that her sentence violates due process because it is based upon inaccurate information. A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736 (1948). "*Townsend* and its progeny are

generally viewed as having established a due process 'requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false.'" *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007), quoting *Collins v. Buchkoe*, 493 F.2d 343, 345 (6th Cir. 1974).

Petitioner first argues that the trial court improperly scored ten points for PRV 4. PRV 4 allows for the scoring of 0 to 20 points for prior low-severity juvenile adjudications. *See* Mich. Comp. Laws § 777.54. Petitioner argues that, under state law, these juvenile convictions should have been removed from her record when she successfully completed a term of probation. The trial court rejected Petitioner's argument when the court denied her motion for resentencing. The trial court held that Petitioner had four prior low-severity juvenile adjudications and, therefore, ten points were properly scored. *See* 5/19/2015 Tr. at 5-6, ECF No. 8-4, Page.ID.122-23.

Petitioner also challenges the scoring of PRV 5, which accounts for prior misdemeanor convictions or prior misdemeanor juvenile adjudications. *See* Mich. Comp. Laws § 777.55. The trial court concluded that these convictions were also properly scored under PRV 5. *See* 5/19/2015 Tr. at 5-6, ECF No. 8-4, Page.ID.122-23.

Petitioner fails to show that the trial court based the scoring of these prior record variables on inaccurate information. She disagrees with the trial court's application of state law, but this is insufficient to establish a due process violation. *Townsend,* 334 U.S. at 741.

Finally, Petitioner challenges the scoring of OV 19. Fifteen points must be scored for OV 19 if "[t]he offender used force or the threat of force against another person or the

property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice…" Mich. Comp. Laws § 777.49(b). The trial court denied Petitioner's argument that zero points should have been scored for this offense variable:

> [T]he record evidence that was before the Court was in the agent's description of the offense…[T]he agent's description of the offense set out that the defendant was able to get her wrist completely out of the handcuffs. She attempted to break out of the police car, was kicking violently trying to break the windows – trying to get out of the windows, trying to break the windows out, and attempted to kick officers and spit on them.
>
> Using that as the record evidence that was before the Court, that certainly seemed at the time and continues to seem activity that's force or threat of force against another person or property of another person in an attempt to interfere with the administration of justice.

5/19/2015 Tr. at 7, ECF No. 8-4, Page.ID.125.

The trial court's findings are entitled to a presumption of correctness on habeas review. 28 U.S.C. § 2254(e)(1). Petitioner has not rebutted this presumption. Moreover, her own testimony at the plea hearing supports the scoring of fifteen points. Petitioner admitted she obstructed and endangered a sheriff's deputy at the time of her arrest and that she knew he was attempting to perform an official law enforcement function. *See* 6/6/2014 Tr. at 7-8, ECF No. 8-2, Page.ID.104-05. Petitioner fails to show that the trial court relied on inaccurate information in scoring OV 19.

Petitioner also argues that her attorney was ineffective in failing to object to the scoring of PRV 4 and 5 and OV 19. To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal quotes omitted).

Petitioner has not shown the scoring of PRV 4 or 5 or OV 19 violated her rights under the Constitution. The state court also rejected her claim that the variables were incorrectly scored under Michigan law. The decision of the state courts on a state-law issue is binding on a federal court. *See Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013)(holding "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'")(quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)). Consequently, any objection to the scoring of the variables, whether under state or federal law, would have been futile. Counsel's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010).

**IV.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, a certificate of appealability will be denied. Petitioner will also be denied leave to appeal *in forma pauperis*, because the appeal would be frivolous.

**V.**

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: July 22, 2019

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **April Hutchinson** #801729, HURON VALLEY COMPLEX – WOMENS, 3201 BEMIS ROAD, YPSILANTI, MI 48197 by first class U.S. mail on July 22, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager